101 F.3d 703
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Shelby WATTS, Petitioner-Appellant,
v.
E.L. SPARKMAN, Warden, Respondent-Appellee.
 No. 96-5211.
 United States Court of Appeals, Sixth Circuit.
 Nov. 14, 1996.
 
 Before: MARTIN, Chief Judge; KEITH and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Shelby Watts, proceeding pro se, appeals a district court order denying his petition for a writ of habeas corpus which he filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1989, a Kentucky jury found Watts guilty of first degree manslaughter in violation of Ky.Rev.Stat. § 507.030. Watts was sentenced to twenty years in prison, in accordance with the jury's recommendation. The conviction and sentence were affirmed by the Kentucky state courts, on appeal. In 1991, the Kentucky courts denied a post-conviction motion that Watts filed under Ky.Crim.R. 11.42.
 
 
 3
 In 1995, Watts petitioned the district court for federal habeas relief, supported by several grounds of ineffective assistance of counsel. A magistrate judge determined that these claims did not warrant habeas relief. After considering the report and Watts's general objections, the district court adopted the report and denied the petition. On appeal, Watts repeats his ineffective assistance of counsel claims and argues that he should have been appointed counsel and been given an evidentiary hearing in district court. Watts also moves this court for the appointment of counsel on appeal.
 
 
 4
 Because Watts did not file specific objections to the magistrate judge's report and recommendation, after being advised to do so, the petitioner has waived the issues he raised in his petition for habeas relief. Thomas v. Arn, 474 U.S. 140, 155 (1985); Miller v. Currie, 50 F.3d 373, 380 (6th Cir.1995); Willis v. Sullivan, 931 F.2d 390, 401 (6th Cir.1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). The petitioner attached to his objections a motion that he had previously filed under Ky.Crim.R. 11, which listed several grounds he also raised in support of his federal habeas petition. However, Watts's vague and general reference to this motion did not preserve for appellate review the issues initially set forth in his petition. Cf. Kelly v. Withrow, 25 F.3d 363, 366 (6th Cir.), cert. denied, 115 S.Ct. 674 (1994) (the petitioner's objections were sufficient to preserve them for appellate review because the objections directed the court's attention to specific issues). Moreover, this case presents no exceptional circumstances warranting an exception to the Thomas v. Arn rule in the interests of justice. Thomas, 474 U.S. at 155 & n. 15.
 
 
 5
 Accordingly, Watts's motion for counsel is denied and the district court's order denying Watts's petition for a writ of habeas corpus is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.